IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| HENRIK O. STENSON, an individual,<br><br>   Plaintiff and Counterclaim Defendant,<br><br>v.<br><br>AU CARD, LLC, a Delaware corporation,<br><br>   Defendant and Counterclaim Plaintiff. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S SHORT FORM DISCOVERY MOTION (DOC. NO. 23)**<br><br>Case No. 2:22-cv-00518<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

Defendant and counterclaim plaintiff AU Card, LLC has filed a short form discovery motion seeking to compel plaintiff and counterclaim defendant Henrick O. Stenson to respond to AU Card's requests for production ("RFP") numbers 7 and 8.[1] RFPs 7 and 8 request documents related to Mr. Stenson's decision to join the LIV Golf Tour, and communications with the media about his physical and mental condition and the LIV Golf Tour.[2] Mr. Stenson opposes the motion.[3] Where RFPs 7 and 8 are relevant and proportional to AU Card's counterclaims and defenses, the motion is granted.[4]

---

[1] (AU Card, LLC's DUCivR 37-1 Short Form Disc. Mot. Re: LIV Tour ("Mot."), Doc. No. 23.)

[2] (*See id.*; *see also* Ex. 1 to Mot., Stenson's Resps. to AU Card's First Set of Written Disc. Reqs., Doc. No. 23 at 10–11.)

[3] (Henrick Stenson's Opp'n to AU Card, LLC's DUCivR 37-1 Short Form Disc. Mot. Re: LIV Tour ("Opp'n"), Doc. No. 25.)

[4] Oral argument is unnecessary; this decision is based on the parties' written memoranda. *See* DUCivR 7-1(g).

1

## BACKGROUND

In this contract dispute, Mr. Stenson, a professional golfer, asserts claims against AU Card for breach of contract and breach of the implied covenant of good faith and fair dealing, among other things.[5] These claims arise from a 2021 sponsorship agreement between AU Card and Mr. Stenson.[6] AU Card raises various defenses to Mr. Stenson's claims in addition to asserting counterclaims against Mr. Stenson for breach of contract, breach of the implied covenant of good faith and fair dealing, fraudulent inducement, and material misrepresentation arising from sponsorship agreements between AU Card and Mr. Stenson in 2019, 2020, and 2021.[7] Particularly relevant to this motion, AU Card alleges that despite knowing the purpose of the 2019, 2020, and 2021 agreements was to generate "positive mass media coverage for AU," Mr. Stenson "negotiated with LIV Golf behind AU's back during the period of the [a]greements knowing that LIV Golf was controversial, and that there would be no mass media coverage at LIV events."[8] AU Card contends Mr. Stenson's "fail[ure] to disclose his negotiations with LIV Golf" constitutes a breach of the implied covenant of good faith and fair dealing, especially where "ties to LIV Golf could damage AU's brand and reputation."[9] AU Card also alleges Mr. Stenson concealed impairments which caused his golf performance to suffer.[10] According to AU Card, Mr. Stenson's efforts to join the LIV Golf Tour, "a less-competitive new tournament,

---

[5] (*See* Compl. ¶¶ 12–42, Doc. No. 2.)

[6] (*See id.* ¶¶ 12–19.)

[7] (*See* AU Card, LLC's Answer and Counterclaim ("Counterclaim") ¶¶ 38–84, Doc. No. 6.)

[8] (Mot. 2, Doc. No. 23; *see also* Counterclaim ¶ 28, Doc. No. 6.)

[9] (Counterclaim ¶ 53, Doc. No. 6; *see also* Mot. 2, Doc. No. 23.)

[10] (Mot. 2–3, Doc. No. 23; *see also* Counterclaim ¶ 53, Doc. No. 6.)

suggest he knew he was unable to perform well in traditional tournaments, yet concealed this from AU."[11]

AU Card served Mr. Stenson with written discovery requests, some of which seek production of documents supportive of its allegations.[12] Specifically, RFP 7 asks Mr. Stenson to "produce all communications since 2017 with journalists or media members regarding your physical and mental well-being including any injuries or impairments, your professional golf performance, and the LIV Tour."[13] RFP 8 asks Mr. Stenson to "produce all communications related to your decision to join the LIV Tour."[14] Mr. Stenson objected to these RFPs, arguing they are irrelevant, disproportional, and some of the information is already in the public domain.[15]

## DISCUSSION

Where Mr. Stenson's objections to RFPs 7 and 8 challenge the merits of each party's factual arguments, claims, and defenses and where the desired discovery is not equally accessible to both parties, RFPs 7 and 8 are both relevant and proportional.

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and

---

[11] (Mot. 3, Doc. No. 23; *see also* Counterclaim ¶ 53, Doc. No. 6.)

[12] (Mot. 2, Doc. No. 23; *see also* Ex. 1 to Mot., Stenson's Resps. to AU Card's First Set of Written Disc. Reqs., Doc. No. 23 at 10–11.)

[13] (Ex. 1 to Mot., Stenson's Resps. to AU Card's First Set of Written Disc. Reqs., Doc. No. 23 at 10.)

[14] (*Id.* at 11.)

[15] (*Id.*)

proportional to the needs of the case."[16] Relevance in the discovery context is "to be construed broadly to encompass any matter that bears on, or that reasonably could bear on any party's claim or defense."[17]

AU Card argues the discovery requests at issue are relevant to whether Mr. Stenson was negotiating with LIV Golf while still acting as a spokesperson for AU Card, whether his actions show a lack of good faith and fair dealing, whether he withheld information from AU Card, and whether Mr. Stenson knew he could not compete well in traditional tournaments.[18] AU card contends this evidence is relevant to its counterclaims and defenses.[19]

Mr. Stenson raises four arguments in opposition. First, he contends any information "pertaining to LIV [Golf] is not relevant or proportional" because Mr. Stenson joined the LIV Golf Tour seven months after his contract with AU Card expired.[20] Second, Mr. Stenson argues this timing makes it "impossible that [he] breached his alleged obligation to 'generate positive media coverage.'"[21] Third, Mr. Stenson contends he was not required to notify AU Card that he was negotiating with any other entity.[22] And fourth, Mr. Stenson argues RFP 7 is

---

[16] Fed. R. Civ. P. 26(b)(1).

[17] *Allegis Inv. Servs. v. Arthur J. Gallagher & Co.*, No. 2:17-cv-00515, 2018 U.S. Dist. LEXIS 243885, at *6 (D. Utah May 25, 2018) (unpublished).

[18] (*See* Mot. 3, Doc. No. 23.)

[19] (*See id.*)

[20] (Opp'n 2, Doc. No. 25.)

[21] (*Id.*)

[22] (*See id.*)

4

disproportional because any communications between him and the media about LIV Golf are "readily available to the public."[23]

The discovery requests at issue are both relevant to AU Card's counterclaims and defenses and proportional to the needs of the case. Indeed, Mr. Stenson's alleged negotiations with LIV Golf and communication or concealment regarding any physical impairments form the factual basis of AU Card's counterclaims for breach of contract, breach of the implied covenant of good faith and fair dealing, fraudulent inducement, and material misrepresentation. Thus, AU Card's discovery requests seek documents which are both relevant and central to AU Card's counterclaims and defenses. Mr. Stenson's first three objections relate to the merits of each party's factual arguments and claims. But disputes about the merits of claims, counterclaims, or defenses do not preclude AU Card from pursuing relevant discovery. Additionally, Mr. Stenson has not established the information sought is irrelevant or overbroad or disproportional. Considering that the scope of discovery depends on the claims and defenses asserted in the operative pleadings;[24] disputes about the merits of any claims or defenses are not pertinent at this juncture, absent such a showing.[25]

Lastly, Mr. Stenson's argument that RFP 7 is disproportional—because his communications with the media are available in the public domain—is unavailing. Rule 26

---

[23] (*Id.* at 3.)

[24] *See* Fed. R. Civ. P. 26(b)(1).

[25] *See Reed v. Wexford Health Sources, Inc.*, No. 20-cv-01139-SPM, 2022 U.S. Dist. LEXIS 175230, at *8–9 (S.D. Ill. Sept. 17, 2022) (unpublished) ("The Court will not assess the merits of [a] Plaintiffs' claims through briefings on a motion to compel."); *Boardwalk Apts., LLC v. State Auto Prop. & Cas. Ins. Co.*, No. 11-2714-JAR, 2013 U.S. Dist. LEXIS 50150, at *5 (D. Kan. Apr. 8, 2013) (unpublished) ("Defendant's arguments concerning the merits of plaintiff's claims are misguided and inappropriate in the context of a motion to compel.").

provides a potential limitation to discovery based on the "parties' relative access to relevant information."[26] Courts interpret this to mean that "discovery need not be required [for] documents of public record which are *equally accessible to all parties*."[27] This provision does not limit discovery in this circumstance. First, Mr. Stenson has failed to establish his historical communications with the media are as accessible to AU Card as to Mr. Stenson. In order for AU Card to discover such information, it would have to scour the internet and other media sources, wading through troves of irrelevant content. And even then, AU Card would have no assurance whatever it finds (if anything) accurately reflects the entirety of the communications. Moreover, even if discovery related to Mr. Stenson's media communications were equally accessible to both parties, it is not apparent this would relieve Mr. Stenson of his discovery obligations with respect to RFP 7.[28]

## **CONCLUSION**

Because RFPs 7 and 8 are both relevant and proportional to AU Card's counterclaims and defenses, and Mr. Stenson's communications with the media are not equally accessible to both parties, AU Card's motion to compel[29] is GRANTED. Accordingly, the court ORDERS Mr.

---

[26] Fed. R. Civ. P. 26(b)(1).

[27] *McKellips v. Kumho Tire Co.*, 305 F.R.D. 655, 680 (D. Kan. 2015) (emphasis added).

[28] For example, in *McKellips*, the court sustained the defendant's objections to several RFPs, holding the defendant need not produce responsive documents which existed in the public domain and were equally accessible to the plaintiffs. *Id.* at 681. Nevertheless, the court required the defendant to identify any responsive documents it was withholding under its public domain objection. *Id.* Under this approach, even if Mr. Stenson had established the discovery at issue was equally accessible to both parties, he would still be required to identify any responsive documents withheld on this basis.

[29] (Doc. No. 23.)

Stenson to produce documents responsive to AU Card's requests for production numbers 7 and 8 within fourteen days of the date of this order.

DATED this 28th day of April, 2023.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge